IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BETTY MARSHALL                                                                     PLAINTIFF

                v.                 Civil No. 3:12-cv-03065-JRM

CAROLYN W. COLVIN, Commissioner of
Social Security Administration                                      DEFENDANT

**MEMORANDUM OPINION**

**I.     Factual and Procedural Background**

Plaintiff, Betty Marshall, brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act ("the Act"). 42 U.S.C. § 423.

Plaintiff protectively filed her application on March 6, 2007, alleging a disability onset date of January 18, 2007, due to neck pain, headaches, arthritis in both knees, pain and stiffness in her hands, and heel spurs. Tr. 44, 121, 158. On the alleged onset date, Plaintiff was forty-seven years old, a younger age individual, with a high school education. Tr. 49, 117, 126, 539. She has past relevant work as a general office clerk. Tr. 539.

Plaintiff's applications were denied at the initial and reconsideration levels. Tr. 51-53, 55-56. At Plaintiff's request, an administrative hearing was held on September 4, 2008. Tr. 6-38, 616-648. Plaintiff was present at this hearing and represented by counsel. On December 5, 2008, the ALJ rendered an unfavorable decision, finding Plaintiff was not disabled under the Act. Tr. 41-50. Subsequently, the Appeals Council denied Plaintiff's Request for Review on September 30, 2009,

thus making the ALJ's decision the final decision of the Commissioner. Tr. 1-4, 599-602.

Plaintiff appealed the Commissioner's decision to this court. *Marshall v. Astrue,* Civil No. 3:09-cv-03071-JLH. On February 25, 2011, Honorable Jimm Larry Hendren remanded Plaintiff's case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Tr. 605-612.

An additional administrative hearing was conducted on remand on October 27, 2011. Tr. 558-598. In his January 27, 2012 opinion, the ALJ determined that Plaintiff, based on a later disability application, had been found disabled beginning October 16, 2009. Tr. 527, 615. However, he found Plaintiff not disabled from January 18, 2007, the alleged onset date, through October 15, 2009. Tr. 524-541. Plaintiff now seeks judicial review of the ALJ's unfavorable decision. Thus, for purposes of this opinion, the relevant time period is from January 18, 2007, Plaintiff's onset date, through October 15, 2009, the date before she was found disabled.

## II.    Applicable Law

The Court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001)). In determining whether evidence is substantial, the Court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Craig v. Apfel*, 212 F.3d 433, 435-36 (8th Cir. 2000) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). If, after conducting this review, "it is possible to draw two inconsistent positions from the evidence and one of those positions

represents the [Secretary's] findings," then the decision must be affirmed. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (quoting *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995)).

To be eligible for disability insurance benefits, a claimant has the burden of establishing that she is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted, or can be expected to last, for no less than twelve months. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step sequential evaluation process to all disability claims: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits her physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a disabling impairment listed in the regulations; (4) whether the claimant has the RFC to perform her past relevant work; and (5) if the claimant cannot perform her past work, the burden of production then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given her age, education, and work experience. *Pearsall*, 274 F.3d at 1217; 20 C.F.R. § 404.1520(a), 416.920(a). If a claimant fails to meet the criteria at any step in the evaluation, the process ends and the claimant is deemed not disabled. *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004).

### III.   ALJ's Determination

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity at any point since January 18, 2007, her alleged onset date. Tr. 529. At step two, the ALJ found Plaintiff suffers from the following severe impairments: degenerative disc disease of the cervical, thoracic, and lumbar spine, scoliosis, osteoarthritis of the knees, and fibromyalgia syndrome. Tr.

530-532.  At step three, he determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  Tr. 532.

At step four, the ALJ found Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except she could only occasionally climb, balance, stoop, kneel, crouch, crawl, and perform overhead reaching/work.  Tr. 532-539.  With these limitations, the ALJ found Plaintiff was unable to perform her past relevant work.  Tr. 539.  However, after consulting a vocational expert, the ALJ found jobs existing in significant numbers in the national economy that Plaintiff could perform.[1]  Accordingly, the ALJ determined Plaintiff was not under a disability from January 18, 2007, the alleged onset date, through October 15, 2009, the date before she was found disabled.  Tr. 540-541.

## IV.　Discussion

On appeal, Plaintiff contends the ALJ erred by: (A) improperly weighing the medical evidence in determining her RFC; and (B) improperly discounting her subjective complaints.  *See* Pl.'s Br. 12-18.  The Commissioner responds that substantial evidence supports the ALJ's determination.  *See* Def.'s Br. 4-18.  For the following reasons, the court finds that substantial evidence supports the ALJ's determination.

### A.　RFC Determination

At the fourth step of the evaluation, a disability claimant has the burden of establishing her RFC.  *Eichelberger*, 390 F.3d at 591; *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004).  A

---

[1] The ALJ determined Plaintiff could perform the requirements of representative sedentary occupations such as telemarketer, of which there are 1,400 jobs in Arkansas and 150,000 jobs nationally, data entry clerk, of which there are 1,000 jobs in Arkansas and 160,000 jobs nationally, document preparer, of which there are 100 jobs in Arkansas and 15,000 jobs nationally, and addresser, of which there are 50 jobs in Arkansas and 10,000 jobs nationally.  Tr. 540.

claimant's RFC is the most she can do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ determines a claimant's RFC based on "all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Masterson*, 363 F.3d at 737. The Eighth Circuit has stated that "a claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Thus, although the ALJ bears the primary responsibility for determining a claimant's RFC, there must be "some medical evidence" to support the ALJ's determination. *Eichelberger*, 390 F.3d at 591; *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir 2000).

Plaintiff argues that the ALJ erred by disregarding her treating physician's opinion in favor of the opinions of the consultative examiner and agency consultant. *See* Pl.'s Br. 13-14, 16-18. A treating physician's opinion is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in a clamant's record. *Tilley v. Astrue*, 580 F.3d 675, 679 (8th Cir. 2009); 20 C.F.R. § 404.1527(d)(2). The record must be evaluated as a whole to determine whether the treating physician's opinion should be controlling. *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005). A treating physician's evaluation may be disregarded where other medical assessments "are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Id.* at 920-21 (quoting *Prosch*, 201 F.3d at 1013). In any case, an ALJ must always "give good reasons" for the weight afforded to the treating physician's opinion. 20 C.F.R. § 404.1527(d)(2).

On April 2, 2007, Dr. Hawk, Plaintiff's treating physician, completed a disabling RFC assessment. Tr. 296-300. He determined Plaintiff suffered from cervical degenerative disc disease,

headaches, radiating neck pain, and muscle spasms, and had a fair prognosis. Tr. 296. Dr. Hawk noted objective signs including reduced grip strength, impaired sleep, weight change, and muscle spasms. Tr. 296. He determined Plaintiff could sit for about four hours in an eight-hour workday and stand/walk for less than two hours during an eight-hour workday, occasionally lift less than ten pounds, and rarely twist, stoop, crouch, and climb ladders or stairs. Tr. 298. Dr. Hawk found significant limitations regarding repetitive reaching, handling, or fingering. Tr. 299. He further opined that Plaintiff would need a job that permitted shifting positions at will and frequent, unscheduled breaks, and would likely miss more than four workdays per month. Tr. 299-300.

      Dr. Honghiran, an orthopedic specialist, examined Plaintiff on May 30, 2007, less than two months after Dr. Hawk completed his RFC assessment. Tr. 326-328. Examination revealed normal gait, good range of motion of the cervical spine, normal reflex sensation in both arms and hands, and good range of motion of the knees with no acute swelling but a slight degree of patella subluxation bilaterally. Tr. 326. X-rays of Plaintiff's cervical spine revealed degenerative disc disease of C5 and C6, which could cause chronic neck pain. Tr. 327. X-rays of both knees revealed normal findings. Tr. 327. Based on his examination, Dr. Honghiran diagnosed Plaintiff with chronic neck pain due to degenerative disc disease of the cervical spine and chronic patella subluxation in both knees with early degenerative arthritis or condromalacia patella. Tr. 327. He noted that Plaintiff's prognosis was good and she would be able to perform "some type of office work" without much difficulty. Tr. 327.

      Following Dr. Honghiran's assessment, Dr. Hawk wrote a letter stating he agreed with Dr. Honghiran's examination findings, but disagreed with Dr. Honghiran's assessment of the degree of pain Plaintiff experienced in conjunction with her impairments. Tr. 340. Dr. Hawk found that

Plaintiff "is currently disabled from doing her usual line of work due to this pain." Tr. 340.

The state agency consultant, Ronald Davis, M.D., reviewed Plaintiff's medical records and concluded that she retained the RFC to perform sedentary work with occasional climbing, balancing, stooping, kneeling, crouching, crawling, and overhead reaching. Tr. 913-916.

The ALJ considered Dr. Hawk's medical records, RFC questionnaire, and the June 14, 2007 letter concluding that Plaintiff was disabled. However, he determined that Dr. Hawk's findings were not substantiated by the objective medical evidence, especially in light of Plaintiff's daily activities and return to part-time work in late 2007. Tr. 180, 371, 538. Furthermore, medical opinions that a claimant is disabled are not the type of "medical opinions" entitled to controlling weight. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005). The ALJ ultimately determined that Dr. Honghiran's orthopedic evaluation and the state agency consultant's findings were more consistent with the evidence of record. *Estes v. Barnhart,* 275 F.3d 722, 725 (8th Cir. 2002) ("It is the ALJ's function to resolve conflicts among the various treating and examining physicians.") (internal quotations omitted).

The undersigned rejects Plaintiff's argument that the ALJ was required to contact Dr. Hawk for further clarification, as there were no crucial underdeveloped issues. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004). Similarly, Plaintiff's argument regarding her Global Assessment of Functioning ("GAF") scores is unpersuasive. As this court has repeatedly recognized, GAF scores cover only a snapshot in time and are very subjective in nature. *See Jones v. Astrue*, 619 F.3d 963, 973 (8th Cir. 2010). Moreover, the Commissioner expressly declined to endorse the GAF scales to evaluate Social Security claims because the scales have no direct correlation to the severity requirements in mental disorders listings. *See Jones v. Astrue,* 619 F.3d 963, 979 n.4 (8th Cir. 2010)

(citing 65 Federal Regulation 50746, 50764–65 (August 21, 2000)). After reviewing the evidence of record, the undersigned finds that substantial evidence supports the ALJ's determination that Plaintiff was capable of performing a limited range of sedentary work during the relevant time period.

### B. Subjective Complaints

When evaluating a claimant's subjective allegations, the ALJ must consider all evidence relating to: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) any precipitating and aggravating factors; (4) the dosage, effectiveness and side effects of medication; and (5) any functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ "may not discount a claimant's allegations of disabling pain solely because the objective medical evidence does not fully support them." *Medhaug v. Astrue*, 578 F.3d 805, 816 (8th Cir. 2009) (quoting *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005)). However, subjective complaints may be discounted if there are inconsistencies in the medical evidence as a whole. *Id.* A court "will not disturb the decision of an ALJ who considers, but for good cause expressly discredits, a claimant's complaints of disabling pain." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006) (quoting *Goff*, 421 F.3d at 792).

It is well-settled that an ALJ need not explicitly discuss each *Polaski* factor; it is "sufficient if he acknowledges and considers those factors before discounting a claimant's subjective complaints." *Heino v. Astrue*, 578 F.3d 873, 881 (8th Cir. 2009) (quoting *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004)). Contrary to Plaintiff's assertion, the ALJ properly considered her subjective complaints and dismissed them for legally sufficient reasons.

With regard to activities of daily living, the ALJ noted that Plaintiff could tend to her personal needs and grooming with no problems, perform housework, do laundry, prepare complete meals, drive, and shop for groceries once a week. Tr. 133-135, 536. Plaintiff also reported to her physician on June 30, 2008, and July 14, 2008, that she was walking three to four miles, three to four times per week. Tr. 422-423, 536, 595-596. On August 1, 2008, Plaintiff reported exercising two to three times per week using her AB lounger. Tr. 418, 536. *Halverson v. Astrue*, 600 F.3d 922, 928 (8th Cir. 2010) (claimant's allegations of employment-related difficulties were inconsistent with her ability to travel, visit friends, go shopping, and care for her activities of daily living). Moreover, Plaintiff engaged in part-time work during her alleged period of disability and only left her full-time employment due to a business-related layoff. Tr. 536. *See Goff,* 421 F.3d at 792 (claimant's part-time work was inconsistent with a claim of total disability).

The ALJ also noted the fact that Plaintiff received unemployment benefits during her alleged period of disability. Tr. 536. Receipt of unemployment benefits is facially inconsistent with a claim of disability. A claimant must "hold himself out as available, willing and able to work" in order to receive unemployment benefits. *Johnson v. Chater,* 108 F.3d 178, 180-81 (8th Cir. 1997) (quoting *Jernigan v. Sullivan,* 948 F.2d 1070, 1074 (8th Cir. 1991)). "Applying for unemployment benefits 'may be some evidence, though not conclusive, to negate' a claim of disability." *Id*.

Additionally, the ALJ noted that Plaintiff showed no evidence of pain or discomfort at the administrative hearing. Tr. 536. Finally, the ALJ found that Plaintiff's subjective complaints were not fully corroborated by the objective evidence of record. *Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999) (absence of objective medical evidence to support claimant's complaints).

Here, the ALJ cited the proper standard, considered the factors in conjunction with Plaintiff's testimony, and then properly discounted Plaintiff's subjective complaints. *See Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010) ("we defer to an ALJ's credibility determinations if they are supported by valid reasons and substantial evidence"). While is it apparent that Plaintiff suffers from severe impairments that cause considerable pain, the issue is not whether Plaintiff experiences pain, but whether her pain prevented her from performing substantial gainful employment during the time period at issue. After reviewing the evidence of record, the undersigned concludes that it did not. As such, substantial evidence supports the ALJ's determination.

## V.     Conclusion

Having carefully reviewed the record, the undersigned finds that substantial evidence supports the ALJ's determinations at each step of the disability evaluation process, and thus the decision should be affirmed. Accordingly, Plaintiff's complaint should be dismissed with prejudice.

IT IS SO ORDERED this 18th day of September 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE